SEE, Justice
(concurring specially).
I concur. I write specially to explain that I do not understand the main opinion to hold that the “notice-and-demand clause” is without effect, but simply that it does not apply to the “delay-rental payments.”
The “notice-and-demand” clause in the lease states that it applies when the lessee fails “to make the payment of any sum within thirty (30) days after it becomes due.” (Emphasis added.) Because the lease provides that certain payments, including royalties, become “due” under certain conditions, the “notice-and-demand” clause has room to operate. It does not, however, operate to extend the time for making a delay-rental payment. Parsons Leasing had the option of (1) making the delay-rental payments and extending the time within which to begin drilling, or (2) allowing the lease automatically to terminate. Thus, because the delay-rental payments were not a “fixed and settled obligation or liability,” they never became “due.” Black’s Law Dictionary, “Due” (6th ed.1990). Therefore, the “notice-and-demand” clause was not implicated in this case.